**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ISIDORIO PADILLA,**

      **Plaintiff,**

v.                                                       **Cause No: 20-CV-00089 PJK/LF**

**CODY MARTINEZ, DERRICK VALDEZ
GABRIEL WADT, THE CITY OF ESPANOLA,
And DOES 1-50,**

      **Defendants,**

### CITY DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL COMPLAINT

      **COME NOW** Defendants, Cody Martinez, Derrick Valdez, Gabriel Wadt, and the City of Espanola ("City Defendants") by and through their attorneys of record, Brennan & Sullivan, P.A., and for their Answer to Plaintiff's Civil Complaint states as follows:

1. City Defendants deny the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Paragraphs 3, 4, and 5 of the Complaint is a legal conclusion for which no response is required.

3. City Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of the Complaint.

4. City Defendants admit the allegations contained in paragraphs 7, 8, 9, and 10 of the Complaint.

5. City Defendants are without sufficient knowledge to form a belief as to the allegations contained in paragraph 11 of the Complaint. City Defendants, however, deny the

allegation that City of Espanola personnel were "legally responsible for Plaintiff's injuries."

6. In answer to paragraph 12 of the Complaint, City Defendants admit the allegation that the City of Espanola is a municipality organized under the laws of New Mexico. The remaining allegations in this paragraph appear to be language quoted from a website; accordingly, the website should speak for itself.

7. City Defendants deny the allegations contained in paragraphs 13, 14, and 15 of the Complaint. To the extent these paragraphs contain quotations excerpted from websites, the websites should speak for themselves.

8. City Defendants deny the allegations contained in paragraph 16 of the Complaint.

9. The allegations in paragraph 17 are admitted.

10. In answer to paragraph 18 of the Complaint, City Defendants admit the allegations in the first sentence and City Defendants admit that it was reported that Plaintiff and/or Plaintiff's brother had threatened to beat up the neighbor and had threatened to kill the neighbor. The remaining allegations in this paragraph are denied.

11. The allegations in paragraph 19 are admitted.

12. City Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 20 of the Complaint.

13. City Defendants deny the allegations contained in paragraph 21.

14. City Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 22 of the Complaint.

15. The allegations in paragraph 23 of the Complaint are admitted.

16. The allegations in paragraphs 24, 25, and 26 of the Complaint are denied.

17. In answer to paragraph 27 of the Complaint, City Defendants state that the quoted police report should speak for itself. The remaining allegations in this paragraph are denied.

18. The allegations in paragraphs 28 and 29 of the Complaint are denied.

19. The allegations in paragraphs 30, 31, 32, 33, and 34 of the Complaint are denied. Additionally, City Defendants are without sufficient knowledge or information to form a belief as to the quoted language in this paragraph, as no source is identified or attached.

20. In answer to paragraph 35 of the Complaint, City Defendants admit the allegation that Defendant Valdez tased Plaintiff. The remaining allegations are denied. Additionally, City Defendants are without sufficient knowledge or information to form a belief as to the quoted language in this paragraph, as no source is identified or attached.

21. The allegations in paragraph 36 of the Complaint are denied. Additionally, City Defendants are without sufficient knowledge or information to form a belief as to the quoted language in this paragraph, as no source is identified or attached.

22. In answer to paragraph 37 of the Complaint, City Defendants admit the allegation that Plaintiff requested a sheriff from Santa Fe and that Defendant Valdez had blood on him and that Officer Szabo remained with Plaintiff. The remaining allegations are denied and City Defendants are without sufficient knowledge or information to form a belief as to the quoted language in this paragraph, as no source is identified or attached.

23. City Defendants are without sufficient knowledge or information to form a belief as to the allegations in paragraph 38 of the Complaint as the quoted language in this paragraph,

as no source is identified or attached. City Defendants, however, deny that Plaintiff "got beat up" as alleged.

24. City Defendants are without sufficient knowledge or information to form a belief as to the quoted language in paragraph 39, as no source is identified or attached.

25. In answer to paragraph 40 of the Complaint, City Defendants admit the allegation that medics were summoned, arrived on scene, and rendered aid. City Defendants deny the allegations contained in the last sentence of this paragraph.

26. City Defendants are without sufficient knowledge or information to form a belief as to the allegations in paragraphs 41 and 42 of the Complaint as the quoted language in this paragraph, as no source is identified or attached. To the extent these reference Officer Valdez's lapel camera, City Defendants state that the video speaks for itself.

27. In answer to paragraph 43 of the Complaint, City Defendants admit that Plaintiff was transported to the hospital for medical clearance. City Defendants deny the allegation that Plaintiff was "thrown in a police patrol vehicle." City Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph.

28. City Defendants deny the allegations contained in paragraph 44 of the Complaint.

29. City Defendants are presently without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 45 of the Complaint.

30. City Defendants deny the allegation contained in paragraphs 46 and 47 of the Complaint. To the extent these paragraphs contain quotations excerpted from websites, the websites should speak for themselves.

### ANSWER TO FIRST CLAIM FOR RELIEF

31. City Defendants reassert their answers and defenses as stated herein in response to Paragraph 48 of the Complaint.

32. Paragraphs 49, 50, 51, and 52 of the Complaint are legal conclusions for which no response is required.

33. Paragraph 53 of the Complaint is a legal conclusion for which no response is required. To the extent paragraph 53 alleges wrongdoing by any of the City Defendants, this is expressly denied.

34. Paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Complaint are denied.

### ANSWER TO SECOND CLAIM FOR RELIEF

35. City Defendants reassert their answers and defenses as stated herein in response to Paragraph 64 of the Complaint.

36. Paragraphs 65, 66, 67 and 68 of the Complaint are legal conclusions for which no response is required. To the extent these paragraphs allege wrongdoing by any of the City Defendants, this is expressly denied.

37. City Defendants deny the allegations contained in paragraphs 69, 70, 71, 72, 73, 74, 75, 76, and 77 of the Complaint.

### ANSWER TO THIRD CLAIM FOR RELIEF

38. City Defendants reassert their answers and defenses as stated herein in response to Paragraph 78of the Complaint.

39. City Defendants deny the allegations contained in paragraphs 79, 80, 81, 82, and 83 of the Complaint.

## ANSWER TO FOURTH CLAIM FOR RELIEF

40. City Defendants reassert their answers and defenses as stated herein in response to Paragraph 84 of the Complaint.

41. City Defendants deny the allegations contained in paragraphs 85, 86, 87, 88, 89, 90, and 91 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

42. City Defendants deny the allegations contained in the prayer for relief, including subparts.

## ANSWER TO JURY DEMAND

43. The jury demand is a legal conclusion for which no response is required.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's injuries and damages were the result of Plaintiff's own conduct, thereby barring the relief requested or reducing it some percentage extent depending upon the degree of fault apportioned to Plaintiff pursuant to the rules of pure comparative negligence adopted by the State of New Mexico.

## THIRD DEFENSE

Plaintiff's Complaint for liability and damages is limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate damages, he is thereby barred or reduced in any recovery.

## FIFTH DEFENSE

At all times material hereto City Defendants have acted in good faith.

## SIXTH DEFENSE

All or some City Defendants are immune from suit.

## SEVENTH DEFENSE

City Defendants' actions were privileged.

## EIGHTH DEFENSE

City Defendants' alleged acts, omissions and/or other wrongs, which are denied, did not proximately cause any injury or damage to Plaintiff.

## NINTH DEFENSE

To the extent Plaintiff's conditions were pre-existing, he is thereby limited in recovery to an aggravation thereof.

## TENTH DEFENSE

Plaintiff's claim for punitive damages is barred.

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages against Defendants in their official capacities.

## TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages against any defendant as none acted willfully, recklessly or engaged in any grossly negligent conduct in disregard of Plaintiff's rights.

## THIRTEENTH DEFENSE

Plaintiff's Complaint is brought in bad faith and without merit, and City Defendants are entitled to attorneys' fees and costs as prevailing parties under 29 U.S.C. Section 794a(b) and 42 U.S.C. Section 1988.

## FOURTEENTH DEFENSE

Based upon allegations contained in the Complaint, some or all City Defendants are entitled to absolute immunity.

## FIFTEENTH DEFENSE

Based upon allegations contained in the Complaint, the individual City Defendants are entitled to qualified immunity.

**WHEREFORE**, City Defendants request that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Christina L. G. Brennan*
Christina L. G. Brennan
James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
jamie@brennsull.com
christina@brennsull.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of March 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Todd J. Bullion
Law Office of Todd J. Bullion
314 S. Guadalupe Street, Ste. D North
Santa Fe, NM  87501
505-452-7674
toddjbullion@gmail.com
*Attorneys for Plaintiff*

By:  */s/ Christina L. G. Brennan*
     Christina L. G. Brennan