**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ISIDORIO PADILLA,**

       **Plaintiff,**

v.                                                                   Cause No: 20-CV-00089 PJK/LF

**CODY MARTINEZ, DERRICK VALDEZ
GABRIEL WADT, THE CITY OF ESPANOLA,
And DOES 1-50,**

       **Defendants,**

## CONFIDENTIALITY ORDER

**THIS MATTER** having come before the Court on the stipulation and agreement of the parties to allow the inspection by the parties the internal affairs investigation concerning the incident that occurred between Plaintiff and Defendants on December 23, 2019 and medical records of Plaintiff and Plaintiff's brother, John Padilla, which are not otherwise protected from discovery by the attorney-client privilege or the work product doctrine.

Pursuant to Fed. R. Civ. P. 26(c), there is good cause to issue this Order, as the Defendant City's internal affairs investigation to be produced pursuant to this Order concerns the incident that forms the basis for the Complaint, provides a description of Plaintiff's conduct during the incident, the conduct of Defendant officers during the incident, provides a review and analysis of camera footage and written reports concerning the incident, discusses confidential matters of opinion of internal City protocols. There is also good cause because Plaintiff and his brother John Padilla will produce medical records documenting their injuries, medical treatment, and

similar confidential health information. This Order is limited in scope and only applies to the internal affairs findings relative to the incident which occurred on December 23, 2019 and Plaintiff and John Padilla's medical records.

The Court being advised that such production will include certain information that is private and confidential, that disclosure of such information may or will invade the confidentiality and privacy rights of some or all of the parties or of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order is needed in this action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding only.

Therefore, the Court hereby makes and enters the following Confidentiality Order protecting the confidentiality of certain documents and information which is or may be within the knowledge of the parties or other witnesses and which may be subject to discovery in this lawsuit.

**IT IS THEREFORE ORDERED**:

1. This Confidentiality Order shall govern the use and/or production and disclosure of the internal affairs investigation relating to the December 23, 2019 incident and medical records (hereafter the "Confidential Material") which may be produced or disclosed during this litigation. A producing party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of Confidential Material produced, with the word "CONFIDENTIAL" typed, written or printed on such cover sheet. The identification of Confidential Material in either of these

fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party clearly indicates otherwise.

2. Within materials designated as "CONFIDENTIAL," personal identifying information such as date of birth, Social Security number, driver's license number, home address and telephone numbers, spousal and child information, as well as health and financial information of law enforcement officers named as defendants in this action, as well as law enforcement officers who are not named as defendants but whose identity may be revealed in said materials may be redacted.

3. While the Court does not have jurisdiction over non-parties to enforce the Order's provisions, the parties agree that the Confidential Material shall be disclosed only to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named parties in this action (including their employees), mediators, and outside expert witnesses and consultants employed by the parties or their attorneys for this action.  All such persons shall use such Confidential Material solely in the preparation for or at the trial of this action and for no other purpose.  All outside expert witnesses, mediators, and consultants employed for this action shall sign a copy of this Confidentiality Order, which shall be retained by the attorney by whom they were employed.  A copy shall be produced to opposing counsel.  By signing a copy of this Confidentiality Order each such person agrees to be bound by the terms of the Confidentiality Order and to be subject to the jurisdiction of this Court.

Counsel for the party producing Confidential Material shall be entitled to copies of the Order bearing the signatures of all such persons.

4. The parties to this Order acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under Order of this Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure. The parties shall follow the Court's rules concerning filing confidential materials.

5. Any new party to this lawsuit will be given the opportunity to review this Order and decide whether to stipulate to or contest it.

6. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit.

7. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protections may be afforded to such information at trial or hearing.

8. All Confidential Material provided by a producing party to any other party or person in this lawsuit, and any copies made therefrom, shall be returned to the attorney for the producing party within ten (10) days of the termination of this lawsuit, whether by entry of a final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest, and no copies thereof shall be retained by any person.

9. Nothing contained in this Confidentiality Order, and no action taken pursuant to this Confidentiality Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Confidentiality Order.

10. Nothing contained in this Confidentiality Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court.

11. This Confidentiality Order shall continue in full force as to all of the parties and persons subject to this Confidentiality Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court. A party may seek leave to reopen the case to enforce this Order's provisions.

12. Confidential Material may be disclosed to deponents during the course of their deposition. However, the attorney disclosing such material must advise the

deponent on the record that, pursuant to this Confidentiality Order, such person may not divulge such confidential material to any other person. The attorney disclosing such material must then furnish a copy of this Confidentiality Order at the time of such deposition to the deponent. On receipt of such advice and a copy of this Confidentiality Order, the deponent will be under the same restrictions with respect to the Confidential Material as all of the parties hereto. Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Confidentiality Order.

13. Nothing contained in this Confidentiality Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Confidentiality Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Confidentiality Order.

_____
HONORABLE LAURA FASHING

APPROVED:

BRENNAN & SULLIVAN, P.A.


By:    */s/ Christina L. G. Brennan*
        Christina L. G. Brennan
        James P. Sullivan
        128 East DeVargas
        Santa Fe, New Mexico 87501
        (505) 995-8514
        jamie@brennsull.com
        christina@brennsull.com
        *Attorneys for Defendants City, Valdez, and Wadt*


By:    */s/ Approved via email*
        Todd J. Bullion
        Law Office of Todd J. Bullion
        314 S. Guadalupe Street, Ste. D North
        Santa Fe, NM  87501
        505-452-7674
        toddjbullion@gmail.com
        and
        Benjamin Gubernick
        10720 W. Indian School Road, Suite 19 PMB 12
        Phoenix, AZ  85037-5799
        (734)-678-5169
        ben@gubernicklaw.com
        **Attorneys for Plaintiff**


YLAW, P.C.


By:    *Approved R. Becker via email*
        Robert W. Becker
        4908 Alameda Blvd., NE
        Albuquerque, NM  87113
        (505) 266-3995

rbecker@ylawfirm.com
*Attorneys for Defendant C. Martinez*