IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISIDORIO PADILLA,

        Plaintiff,

v.                                                                      1:20-cv-00089-PJK-LF

CODY MARTINEZ, DERRICK VALDEZ
GABRIEL WADT, THE CITY OF ESPANOLA,
And DOES 1-50,

        Defendants.

## FOURTH AMENDED INITIAL SCHEDULING ORDER

This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **Wednesday, July 29, 2020,** to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"). Please visit the Court's website, www.nmcourt.fed.us, to download the standardized Joint Status Report and Provisional Discovery Plan form. The blanks for suggested/proposed dates are to be filled in by the parties. Actual dates will be promulgated by order of the Court shortly after the Rule 16 scheduling conference. Plaintiff, or defendant in removed cases, is responsible for filing the JSR by **Thursday, August 13, 2020.**

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted by telephone on **Thursday, August 20, 2020, at 2:45 p.m.** [1]  **Counsel shall call my AT&T toll-free conference line at 1-888-363-4734 and dial access code 5407449 to be joined to the proceedings.**

At the Rule 16 scheduling conference, counsel should be prepared to discuss discovery needs[2] and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2).  We also will discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c).  Client attendance is not required.

Plaintiff(s) shall serve a copy of this order on any parties that have been served but have not yet entered an appearance, and shall file a certificate of service with the Court documenting

---

[1] If you wish to appear in person, please advise my chambers at least 48 hours before the scheduling conference.  If appearing in person, please appear in my chambers, Suite 680, Pete V. Domenici United States Courthouse, 333 Lomas Blvd., Albuquerque, New Mexico.

[2] The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion.  Every certification required by FED. R. CIV. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.  A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.  Absent exceptional circumstances, parties should converse in person or telephonically.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (1993).

such service. Plaintiff(s) shall serve a copy of this order on any parties not yet served along with the summons and complaint.

_____
Laura Fashing
United States Magistrate Judge